831 F.2d 294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ricky Lee GILLETTE, Plaintiff-Appellant
v.
BECHTEL POWER COMPANY, Defendant-Appellee.
 No. 86-1920.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1987.
 
 Before MERRITT, KRUPANSKY and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant-plaintiff Ricky Lee Gillette appealed an entry of summary judgment in favor of defendant-appellee Bechtel Power Corporation. Gillette had alleged that defendant's termination of his employment on March 24, 1984 constituted (1) a violation of the Michigan Handicappers' Civil Rights Act; (2) a violation of the Michigan Whistleblowers' Protection Act; (3) a retaliatory action for his filing of a workers' compensation petition in November 1983; and (4) a breach of an implied contract of employment. On appeal, Gillette dropped the implied contract claim, but challenged the lower court's decision on the other three issues.
 
 
 2
 The instant claim arose as a result of Gillette's layoff from Bechtel in March 1984. Appellant had been employed by Bechtel in Ann Arbor, Michigan, from 1980 to 1984. In mid-1982, he reported purported health hazards to Michigan's Department of Health, Division of Occupational Health Services. The agency found Bechtel to be in compliance with all applicable regulations. Nonetheless, appellant continued to complain about workplace-related health problems and his absence record deteriorated markedly, as did his job evaluations. In October 1983, he went on sick leave and at approximately the same time filed a petition for workers' compensation. Appellant was laid off in March 1984. Appellant charged that Bechtel's decision was motivated by appellant's complaints to MIOSHA and his filing of a workers' compensation petition.
 
 
 3
 Having examined the record on appellate review in its entirety and having considered the briefs and arguments of the parties, this court finds that the trial court was justified in its entry of summary judgment in favor of Bechtel on all counts.
 
 
 4
 This court affirms the trial court's determination that Gillette's Whistleblowers' Act claim was untimely since it was not filed within the statutory 90-day limitations period. The court was not persuaded by appellant's attempts to urge adoption of a "discovery rule." The lower court also properly disposed of Gillette's Handicappers' civil rights claim. The lower court correctly concluded that Gillette could not work in his former position (because of his purported health problems) and that Bechtel had no duty to "accommodate" Gillette by moving him to a new position. Rancour v. Detroit Edison Co., 150 Mich.App. 276, 38 N.W.2d 336, 337 (1986).
 
 
 5
 The most cognizable claim Gillette charged was the argument that he was retaliated against for filing a workers' compensation claim. The legal standard articulated in Taylor v. General Motors Corp, No. 84-1503, slip op. at 7-8 (6th Cir. Aug. 14, 1987) is dispositive of the issue. The Taylor court employed a burden-shifting analysis similar to that in Texas Dep't of Commerce v. Burdine, 450 U.S. 248, 101 S.Ct. 1089 (1981). Applying the direction of Taylor, this court finds that Gillette has not exposed as pretextual Bechtel's reasons for his discharge. Well before the workers' compensation claim, Gillette's excessive absenteeism and job evaluations were of significant concern to the defendant which made him, Gillette, a candidate for discharge during a critical period when Bechtel was undergoing a massive program of layoffs cutting its Ann Arbor office population from 2,300 employees to 75. Accordingly, summary judgment was proper and the trial court decision is AFFIRMED.